UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------X   Case No.: 5:13-cv-04809-JS

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

           Plaintiff,

   -vs-

SANIL GOPINATH,

           Defendant.

-------------------------------------------------------X

## SUR-REPLY IN OPPOSITION TO THE
## ESTATE OF GEORGE MADDOX'S MOTION FOR LEAVE TO INTERVENE

Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), by its

attorneys, Fineman, Krekstein & Harris P.C. and Sedgwick LLP, and pursuant to the Court's Order of

October 23, 2013, respectfully submits this memorandum of law as its sur-reply to the motion to

intervene filed by the Estate of George Maddox (the "Maddox Estate").

As an initial matter, although the Maddox Estate argues at length that the subject policy's

employee liability exclusion does not preclude coverage for its action against Sanil Gopinath

("Gopinath") because the deceased, George Maddox, was not an employee of Gopinath, and Gopinath is

an "additional insured," see Maddox Estate Reply Brief at pgs. 3-5, the substantive coverage issue has

no bearing on the Maddox Estate's present motion. Therefore, National Union does not address, at this

time, the Maddox Estate's coverage argument other than to note that while National Union does not

dispute that George Maddox was not an employee of Gopinath and that Gopinath is an additional

insured, the Maddox Estate's argument for coverage has been rejected under Pennsylvania law. See

Pennsylvania Manufacturers' Assoc. Ins. Co. v. Aetna Cas. and Sur. Ins. Co., 233 A.2d 548 (Pa. 1967);

Brown & Root Braun, Inc. v. Bogan Inc., 54 Fed. Appx., 542, 546-47, 2002 WL 31746554 at *2-4 (3rd Cir. Dec. 5, 2002).

The Maddox Estate now argues that, should this Court find that intervention is not mandated per Fed. R. Civ. P. 24, joinder of the Maddox Estate is required under Fed. R. Civ. P. 19(a). See Maddox Estate Reply Brief at p. 1. It argues that the same interest in financial recovery that supports intervention under Fed. R. Civ. P. 24 also makes it an "indispensable party as envisioned by Fed. R. Civ. P. 19(a)". See Maddox Estate Reply Brief at p. 6. But, while the procedural basis by which the Maddox Estate seeks to join this action is different, the result is the same – mere financial interest is insufficient to qualify as a "legally protected interest" required for a party to be deemed "necessary" under Fed. R. Civ. P. 19(a). See Liberty Mutual Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 230 (3d Cir. 1998) (citation and quotation omitted).

Contrary to the Maddox Estate's assertion that its right to join in the present action is "well-established," see Maddox Estate Reply Brief at p. 5, the Maddox Estate's effort to interject itself into National Union's declaratory judgment action against Gopinath is not supported by the Third Circuit's or this District's authorities. See Liberty Mutual, 419 F.3d at 230 (affirming denial of motion to intervene, court found that injured parties were not necessary parties under Fed. R. Civ. P. 19); see also Coregis Ins. Co. v. Wheeler, 180 F.R.D. 280, 283 (E.D.Pa. 1998) (denying insured's motion to dismiss pursuant to Fed. R. Civ. P. 19 for failure to join the underlying plaintiff in the declaratory action on the ground that underlying plaintiff was not a necessary party because her "interest in the pending action is merely financial, as it is based on the hypothetical event that she obtains a court judgment").

In the recent Eastern District of Pennsylvania case of Hartford Casualty Ins. Co. v. Cardenas, No. 12-2804, 2013 WL 1158590 (E.D.Pa. March 21, 2013)[1], the court considered and rejected the same authorities now being relied upon by the Maddox Estate for its joinder arguments: Am. Auto. Ins. Co. v.

---

[1] This case is attached hereto as Exhibit "1".

Murray, 658 F.3d 311 (3d Cir. 2011) ("Murray"); Fed. Kemper Ins. Cov. v. Rauscher, 807 F.2d 345 (3d

Cir. 1986) ("Rauscher"); and Brotherhood Mut. Ins. Co. v. Salem Baptist Church of Jenkintown, No. 10-

cv-7072, 2012 WL 1526851 (E.D.Pa. Apr. 30, 2012) ("Salem Baptist"). In Cardenas, the injured party

and tortfeasors in an underlying personal injury action sought to join an action brought by an insurer

seeking declaratory judgment that it had no obligation under a policy to defend or indemnify the insured

or his business in the underlying personal injury suit after the insured had absconded.[2]  Id. at *1.  The

movants sought to join the insurance coverage dispute to protect their respective financial interests in the

proceeds of the insurance policy.  Id. at *2.

The Cardenas court declined to follow Salem Baptist, which had relied on Murray and Rauscher,

concluding instead that Treesdale remained good law regarding Fed. R. Civ. P. 19(a)(1)(B) that "mere

financial interests in the outcome of an insurance dispute remain insufficient to warrant joinder as

required parties."  Id. at *4.  In particular, the court noted that Murray and Rauscher dealt with an

interest analysis for the purposes of standing and it was unaware of any Third Circuit cases that had

applied the standing analysis to determine the existence of a legally protected interest under Rule

19(a)(1)(B).  Id. at *8.  As explained by the court, standing and Rule 19 analyses should not be conflated

because in both Rauscher and Murray, the injured party: (1) had been named as a defendant by the

insurer, and (2) was found to have standing to defend.  Id. at *8-9.  Consequently, because the injured

parties' status as originally joined defendants was essential to both courts' standing determinations in

Rauscher and Murray, the court found that "relying on [those] cases as support for treating all injured

parties as Rule 19 'required parties' to insurance coverage disputes would be a significant and

unwarranted expansion of their holdings."  Id. at *9.[3]

---

[2] Here, the Maddox Estate asserts a "fear" that Gopinath will "flee the jurisdiction and go to India" in arguing that it is entitled to join this action.  See Maddox Estate Reply brief at p. 7, fn. 2.

[3] The Maddox Estate appears to have adopted a portion of its joinder argument (see Maddox Estate Reply Brief at p. 5-6 ("It is well established …")) verbatim from the decision in Star Ins. Co. v. Treible's Wrecker Service, No.

Moreover, Salem Baptist is further distinguishable from the case herein as the insured in that case had gone bankrupt. See 2012 WL 1526851 at *1, *5. While Pennsylvania does not allow direct actions against a tortfeasor's insurer, see Lilliquist v. Copes-Vulcan, Inc., 21 A.3d 1233, 1237 (Pa.Super., 2011), a statutory exception exists when the insured has gone bankrupt. See Keystone Aerial Surveys, Inc. v. Pennsylvania Property & Cas. Ins. Guar. Ass'n, 777 A.2d 84, 92 (Pa.Super. 2001) (" . . . under Pennsylvania's 'direct action' statute, 40 P.S. § 117, injured parties may sue a insurance company directly if the insured has gone bankrupt"). As such, the court in Salem Baptist found that the injured party's "rights of action under § 117" could be impacted by the declaratory judgment action. See 2012 WL 1526851 at *5. The Maddox Estate, in turn, has no such "rights of action under § 117" given Gopinath is not bankrupt. Thus, Salem Baptist does not support the Maddox Estate's argument. See also Richman, Berenbaum & Assoc., P.C. v. Carolina Cas. Co., No. 02-3195, 2002 WL 1895900 at *4 (E.D.Pa. Aug. 14, 2002) (tort claimant was not a necessary party under Rule 19 in declaratory judgment action).

Finally, there is no merit to the Maddox Estate's argument that it will be collaterally estopped from litigating factual issues. See Maddox Estate Reply Brief at p. 7 ("it [National Union] is seeking to resolve factual issues with regard to the status of the Maddox Estate ...."). The Estate does not identify what "factual issues" it is referring to, but there does not appear to be any dispute regarding George Maddox' employment. Moreover, any suggestion of collateral estoppel is illusory. In Selective Way Ins. Co. v. Head, No. 10-7029, 2011 WL 1459000, *5 (E.D.Pa. Apr. 14, 2011), the petitioner argued that the declaratory judgment action would prevent him from litigating his employee status as a plaintiff in

---

3:12-cv-0047, 2012 WL 2389750 at *2 (M.D.Pa June 22, 2012), although it does not cite Treible's. However, the Treible's court was not deciding an injured party's motion to intervene in an insurer's declaratory judgment action. Rather, like both Rauscher and Murray, its decision was directed to the standing of an injured party who the insurer named as a defendant. The case of United States Fid. & Guar. Co. v. Ditoro, 206 F.Supp. 528, 532-34 (M.D.Pa 1962) cited by the Maddox Estate (and the Treible's court) also concerned a motion to dismiss by a co-defendant of the insured in an underlying action who had been named as a defendant in the insurer's declaratory judgment action. Neither Treible nor Ditoro support the Maddox Estate's motion to intervene.

the underlying state court negligence action. The court stated that such argument was "unavailing" because, based on Pennsylvania law, the declaratory action was unlikely to have any preclusive effect in the underlying state court negligence action against the insured defendant. Id. The motion to intervene was denied.

In sum, as a mere financial interest in this action is insufficient to qualify as a "legally protected interest", the Maddox Estate is not entitled to joinder under Fed. R. Civ. P. 19(a)(1)(B). See Liberty Mutual, 419 F.3d at 230 (citation and quotation omitted).

## CONCLUSION

For all the reasons stated above and in its Memorandum of Law in Opposition, National Union respectfully requests that the Court deny the Maddox Estate's motion for leave to intervene.

Dated:  October 28, 2013

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.


By:_____/s/_____
One of its attorneys
Joseph J. Hamill, Jr.
FINEMAN, KREKSTEIN & HARRIS P.C.
1735 Market Street, Suite 600
Philadelphia, Pennsylvania 19103
Tel: (215) 893-9300

Andrew T. Houghton (*pro hac vice*)
Timothy D. Kevane (*pro hac vice*)
Daniel Pickett (*pro hac vice*)
SEDGWICK LLP
225 Liberty St., 28th Floor
New York, New York 10281
Tel: (212) 420-0202

Attorneys for Plaintiff
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.

# Exhibit "1"

Westlaw.

--- F.R.D. ----, 2013 WL 1158590 (E.D.Pa.), 85 Fed.R.Serv.3d 264
**(Cite as: 2013 WL 1158590 (E.D.Pa.))**

**C**

United States District Court,
E.D. Pennsylvania.
HARTFORD CASUALTY INSURANCE COM-
PANY, Plaintiff,
v.
Rudolfo CARDENAS, Defendant.

Civil Case No. 12–2804.
March 21, 2013.

**Background:** Insurer brought action seeking declar-
atory judgment that it had no obligation under policy
to defend or indemnify insured or his business in
underlying personal injury lawsuit after insured ab-
sconded. Other parties in underlying suit moved for
intervention or joinder, and insurer moved for default
judgment.

**Holdings:** The District Court, Baylson, J., held that:
(1) other tortfeasors and injured parties could not
intervene as of right;
(2) tortfeasors and injured parties could not permis-
sively intervene;
(3) joinder was not warranted; and
(4) entry of default judgment in insurer's favor was
warranted.

Motions for intervention or joinder denied; in-
surer's motion granted.

West Headnotes

**[1] Declaratory Judgment 118A ⬡295**

118A Declaratory Judgment
   118AIII Proceedings
      118AIII(C) Parties

         118Ak293 Necessary and Indispensable
Parties
           118Ak295 k. Contracts. Most Cited
Cases

**Declaratory Judgment 118A ⬡306**

118A Declaratory Judgment
   118AIII Proceedings
      118AIII(C) Parties
         118Ak306 k. New Parties. Most Cited Cases

Joint tortfeasors' and injured parties' mere finan-
cial interests in insurance dispute's outcome are in-
sufficient to warrant their joinder as required parties in
insurer's action seeking declaratory judgment that it
has no obligation to defend or indemnify insured.
Fed.Rules Civ.Proc.Rule 19(a)(1)(B), 28 U.S.C.A.

**[2] Federal Civil Procedure 170A ⬡315**

170A Federal Civil Procedure
   170AII Parties
      170AII(H) Intervention
         170AII(H)1 In General
           170Ak314 Grounds and Factors
              170Ak315 k. Interest of Applicant in
General. Most Cited Cases

Intervention as of right requires that movants
demonstrate interest relating to property or transaction
that is subject of action. Fed.Rules Civ.Proc.Rule 24,
28 U.S.C.A.

**[3] Declaratory Judgment 118A ⬡306**

118A Declaratory Judgment
   118AIII Proceedings
      118AIII(C) Parties

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.R.D. ----, 2013 WL 1158590 (E.D.Pa.), 85 Fed.R.Serv.3d 264
**(Cite as: 2013 WL 1158590 (E.D.Pa.))**

118Ak306 k. New Parties. Most Cited Cases

Joint tortfeasors and injured parties could not intervene as of right in insurer's action seeking declaratory judgment that it had no obligation under policy to defend or indemnify insured or his business in underlying personal injury lawsuit after insured absconded, even though tortfeasors faced joint and several liability to injured parties. Fed.Rules Civ.Proc.Rule 24(a), 28 U.S.C.A.

**|4| Declaratory Judgment 118A ☜306**

118A Declaratory Judgment
   118AIII Proceedings
     118AIII(C) Parties
      118Ak306 k. New Parties. Most Cited Cases

Joint tortfeasors and injured parties could not permissively intervene in insurer's action seeking declaratory judgment that it had no obligation under policy to defend or indemnify insured or his business in underlying personal injury lawsuit after insured absconded, even though tortfeasors faced joint and several liability to injured parties, where proposed intervenors had only contingent financial interests in action. Fed.Rules Civ.Proc.Rule 24(b)(1)(B), 28 U.S.C.A.

**|5| Federal Courts 170B ☜433**

170B Federal Courts
   170BVI State Laws as Rules of Decision
     170BVI(C) Application to Particular Matters
      170Bk433 k. Other Particular Matters. Most Cited Cases

While state law is relevant to determining interests of those affected by litigation, joinder in diversity action is ultimately question of federal law. Fed.Rules Civ.Proc.Rule 19, 28 U.S.C.A.

**|6| Declaratory Judgment 118A ☜295**

118A Declaratory Judgment
   118AIII Proceedings
     118AIII(C) Parties
      118Ak293 Necessary and Indispensable Parties
       118Ak295 k. Contracts. Most Cited Cases

**Declaratory Judgment 118A ☜306**

118A Declaratory Judgment
   118AIII Proceedings
     118AIII(C) Parties
      118Ak306 k. New Parties. Most Cited Cases

Joint tortfeasors and injured parties were not indispensable parties in insurer's action seeking declaratory judgment that it had no obligation under policy to defend or indemnify insured or his business in underlying personal injury lawsuit after insured absconded, and thus their joinder was not warranted, even though injured parties were indispensable parties to insurance coverage disputes under state law, and non-joinder might impede injured parties' interest in obtaining full value of underlying lawsuit, where insurer did not name tortfeasors or injured parties as defendants. Fed.Rules Civ.Proc.Rule 19, 28 U.S.C.A.

**|7| Federal Civil Procedure 170A ☜2415**

170A Federal Civil Procedure
   170AXVII Judgment
     170AXVII(B) By Default
      170AXVII(B)1 In General
       170Ak2415 k. Grounds. Most Cited Cases

Where defendant fails to make appearance or otherwise participate in action, district court may enter default judgment based solely on fact that default has

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.R.D. ----, 2013 WL 1158590 (E.D.Pa.), 85 Fed.R.Serv.3d 264
**(Cite as: 2013 WL 1158590 (E.D.Pa.))**

occurred.

**[8]** Federal Civil Procedure 170A ⚷2411

170A Federal Civil Procedure
   170AXVII Judgment
      170AXVII(B) By Default
         170AXVII(B)1 In General
            170Ak2411 k. In General. Most Cited Cases

**Federal Civil Procedure 170A ⚷2421**

170A Federal Civil Procedure
   170AXVII Judgment
      170AXVII(B) By Default
         170AXVII(B)1 In General
            170Ak2418 Proceedings for Judgment
               170Ak2421 k. Assessment of Damages. Most Cited Cases

Court should accept as true complaint's well-pleaded factual allegations when considering motion for default judgment, but it need not accept moving party's legal conclusions or factual allegations related to amount of damages.

**[9]** Federal Civil Procedure 170A ⚷2415

170A Federal Civil Procedure
   170AXVII Judgment
      170AXVII(B) By Default
         170AXVII(B)1 In General
            170Ak2415 k. Grounds. Most Cited Cases

Entry of default judgment in insurer's favor was warranted in its action seeking declaratory judgment that it had no obligation under policy to defend or indemnify insured or his business in underlying personal injury lawsuit after insured absconded, where

policy obligated insured to "[c]ooperate with [insurer] in the investigation, settlement of [a] claim or defense against" lawsuit, and insured never made appearance in case.

Lawrence J. Bistany, David E. Edwards, White And Williams, LLP, Philadelphia, PA, for Plaintiff.

***MEMORANDUM RE: MOVANTS' MOTIONS FOR INTERVENTION OR JOINDER AND DEFENDANT'S MOTION FOR DEFAULT JUDGMENT***

BAYLSON, District Judge.

**I. Introduction**

*1 Seldom do people or entities fight hard to become parties to litigation. However, the existence of an insurance policy may provide the ordinarily lacking motivation. This dispute resonates from Mozart's *The Marriage of Figaro:* Did the Count properly "intervene" in Figaro's desire to marry and Susanna, and did the putative stud, Cherubino, properly "join" in the resolution?

This case requires exploration of joinder and intervention pursuant to Rules 19 and 24, as well as somewhat unsettled Third Circuit jurisprudence on the nature of interests that qualify for protection under those rules. This opinion concludes by denying both joinder and intervention, and also with entry of a final default judgment against Defendant. Unlike the happy ending in *Figaro,* the movants' requests will be passed to the existing state court litigation.

Plaintiff Harford Casualty Insurance Company ("Plaintiff") seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201 and Fed.R.Civ.P. 55(b), that it has been relieved of its obligation under an insurance policy it issued to Defendant Rodolfo Cardenas ("Defendant") to defend or indemnify him or his business in a personal injury lawsuit pending in the Lancaster County Court of Common Pleas.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.R.D. ----, 2013 WL 1158590 (E.D.Pa.), 85 Fed.R.Serv.3d 264
**(Cite as: 2013 WL 1158590 (E.D.Pa.))**

Movants Brian and Lynette Zern (the "Zerns"), Smucker Company ("Smucker"), Paramount Contracting, Inc. ("Paramount"), and Jessup Drywall Services, LLC ("Jessup") (collectively, "Movants") seek intervention or joinder pursuant to Fed. Rs. Civ. P. 24 or 19 (the "Motions to Intervene or Join").

**II. Background**

Plaintiff's insurance coverage dispute with Defendant arises out of a separate state court lawsuit filed by the Zerns to recover for personal injuries that Brian Zern sustained on March 4, 2010 in Lancaster, Pennsylvania. The Zerns alleged joint and several liability among Defendant, Smucker, Paramount, and Jessup. Details of the Zerns' action are largely irrelevant to the insurance coverage dispute.

What is relevant to the insurance dispute is that Defendant apparently absconded from Pennsylvania, reputedly to Mexico, and Plaintiff has been unable to contact him regarding the Zerns' lawsuit, or even to serve him in this case. Plaintiff claims that Defendant's disappearance amounts to a breach of his insurance policy, thereby relieving Plaintiff of its obligation to defend or indemnify Defendant in the Zerns' suit.

Plaintiff filed its Complaint (ECF 1) on May 22, 2012 and an Amended Complaint (ECF 5) on June 29, 2012. Plaintiff filed a Motion for Service by Publication (ECF 7) on September 6, 2012, which the Court granted (ECF 13) on October 15, 2012. Defendant never filed an answer, made an appearance, or otherwise participated in this case. Plaintiff filed a Request for Default (ECF 22) on December 4, 2012, which the Clerk of the Court entered on the same day. Plaintiff subsequently moved for entry of a default judgment pursuant to Fed.R.Civ.P. 55(b)(2) (ECF 24) on December 19, 2012.[FN1]

**\*2** Movants seek to intervene in this action pursuant to Rule 24 or to be joined as required parties pursuant to Rule 19 in order to defend against Plain-

tiff's Amended Complaint and Motion for Default Judgment. Movants' Motions to Intervene or Join (ECF 8–10) were filed on October 1, 2012 and October 9, 2012.[FN2] Plaintiff filed its Response to the motions (ECF 11) on October 12, 2012. The Court held a hearing on January 17, 2013, at the conclusion of which Plaintiff and Movants were invited to submit supplemental letter briefs. They submitted their letter briefs approximately seven days after the hearing.

**III. Summary of the Movants' Contentions**

Having thoroughly reviewed Movants' submissions and their arguments at the January 17, 2013 hearing, the Court summarizes their arguments as: Movants should be allowed to intervene in or join as parties to this insurance coverage dispute because either Rule 24 or Rule 19(a)(1)(B) [FN3] mandates that they be provided an opportunity to protect certain interests that would be adversely affected by the entry of a final default judgment against Defendant:

1. The Zerns have an interest in the proceeds of the insurance policy to ensure their full recovery for Brian's injuries; and

2. The remaining Movants, who face joint and several liability with Defendant in the Zerns' lawsuit, have interests in

   a. Defendant being represented in the Zerns' suit in order to prevent prejudice that would result from a named co-defendant not being represented at the trial to determine liability, and

   b. The proceeds of the insurance policy to ensure recovery for any contribution action they may bring against Defendant.

**IV. Unsettled Third Circuit Jurisprudence Regarding Intervention and Joinder**

As detailed below, Movants' asserted interest in Defendant being represented in the Zerns' personal

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.R.D. ----, 2013 WL 1158590 (E.D.Pa.), 85 Fed.R.Serv.3d 264
(Cite as: 2013 WL 1158590 (E.D.Pa.))

injury action is patently insufficient to qualify them for intervention or joinder.

Movants' financial interests in this insurance dispute would also appear to be insufficient under *Liberty Mut. Ins. Co. v. Treesdale, Inc.,* 419 F.3d 216, 220 (3d Cir.2005).[FN4] *Treesdale* affirmed a district court's denial of intervention and joinder to injured parties in an insurance coverage declaratory judgment action between an insured and its insurer.[FN5] Particularly relevant to this case, the Third Circuit held that the injured parties' financial interests in the outcome of the insurance dispute were neither the kind of "legally protected interests" required by Rules 24(a) and 19(a)(1)(B),[FN6] nor capable of providing a common issue of law or fact with the insurance dispute as required for by Rule 24(b). Therefore, if *Treesdale* controls this case, the Court would be compelled to deny Movants' requests for intervention and joinder.

However, Movants have relied on Third Circuit cases that they assert undermine *Treesdale.* As detailed below, relatively recent Third Circuit jurisprudence establishes that for purposes of standing, financial interests may qualify as "legally protected interests." Consequently, this Court must assess whether *Treesdale* remains authoritative precedent for the types of interests that should be considered "legally protected" under Rules 24 and 19.

**A. The Third Circuit's Standing Jurisprudence**
**\*3** In *Am. Auto. Ins. Co. v. Murray,* 658 F.3d 311 (3d Cir.2011), the Third Circuit held that an injured party who had been named as a defendant in an insurance coverage declaratory judgment action had standing to appeal the district court's grant of summary judgment in favor of the insurer. In doing so, the Third Circuit applied the test for constitutional standing from *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), and determined that the injured party had "interests in the [insurance coverage] lawsuit ... independent of the insured" that satisfied *Lujan 's* "legally protected in-

terest" requirement, "because a determination of [the insured's] coverage would dictate [the injured party's] ability to receive the full benefit of [his] lawsuit" against the insured. *Murray,* 658 F.3d at 318–19.

Essential to the Third Circuit's holding in *Murray* was its holding in *Fed. Kemper Ins. Co. v. Rauscher,* 807 F.2d 345 (3d Cir.1986). *Rauscher* held that because a "case or controversy" existed between an insurer and injured parties sued as defendants in an insurance coverage declaratory judgment action, the injured parties had standing to defend against the insurer's complaint, even after a default judgment had been entered against the insured. *Murray* should be read as recasting *Rauscher* in *Lujan 's* standing terminology, because *Murray* described *Rauscher* as "[t]he controlling case in this [c]ourt on whether injured parties have standing in a declaratory judgment action in the insurance coverage context" and simply "[a]ppl[ied] the principles set forth in *Rauscher* " to reach its holding regarding standing. *Murray,* 658 F.3d at 318–19.

**B. The Relationship of *Treesdale* 's Holdings on Rules 24 and 19 to the Third Circuit's Standing Jurisprudence**
*Treesdale 's* determination that financial interests are not recognized as "legally protected interests" under Rules 24 and 19(a)(1)(B) is at least superficially inconsistent with the Third Circuit's standing jurisprudence dating back almost thirty years. The *Murray* court recognized this discord with respect to Rule 24, stating in a footnote:

1. *Treesdale* had not addressed standing and, therefore, was inapplicable to the standing analysis; and

2. It remains unsettled "whether a potential intervenor [under Rule 24] must even have Article III standing."

--- F.R.D. ----, 2013 WL 1158590 (E.D.Pa.), 85 Fed.R.Serv.3d 264
**(Cite as: 2013 WL 1158590 (E.D.Pa.))**

*Murray*, 658 F.3d at 318 n. 4. Thus, *Murray* was clear that *Treesdale* remains good law with respect to Rule 24.

However, some language in the same footnote in *Murray*—describing *Treesdale* as having "dealt solely with the standard for intervention under [Rule] 24," *Murray*, 658 F.3d at 318 n. 4—can be read to suggest that district courts should no longer consider *Treesdale* good law regarding Rule 19. Consequently, it is unclear whether *Murray* 's holding regarding the definition of "legally protected interests" for standing analyses affects interest analyses under Rule 19(a)(1)(B). This issue is further complicated by dicta in *Rauscher* stating that the injured parties in that case were Rule 19 indispensable parties. 807 F.2d at 355.

**\*4** Based on *Murray* and *Rauscher,* Chief Judge Joyner has concluded that the Third Circuit now recognizes injured parties' financial interests in insurance disputes as "legally protected interests" for the purposes of Rule 19(a)(1)(B). *Bhd. Mut. Ins. Co. v. Salem Baptist Church of Jenkintown,* Civil Action No. 10–cv–7072, 2012 WL 1526851, at \*3 (E.D.Pa. Apr. 30, 2012). In reaching this conclusion, he stated that " *Treesdale* and *Rauscher* come to disparate conclusions as to an injured party's legal interest in a declaratory judgment suit over a tortfeasor's insurance policy," and the Third Circuit's holding in *Murray* (described as "[a]n injured third party in an insurance coverage dispute suffers a concrete and particularized *invasion of a legally protected interest* "), combined with *Murray* 's apparent limitation of *Treesdale* to Rule 24, indicated that *Treesdale* should no longer be considered good law regarding Rule 19, at least to the extent that it conflicts with *Rauscher.*[FN7] *Id.* (emphasis added) (quotation omitted).

[1] This Court ultimately declines to follow *Salem Baptist,* concluding instead that *Treesdale* remains good law regarding Rule 19(a)(1)(B)—that mere financial interests in the outcome of an insurance dispute remain insufficient to warrant joinder as required

parties. However, because reaching this conclusion requires a lengthy analysis, the Court first will turn to the Movants' request to intervene pursuant to Rule 24, it being clear that *Treesdale* controls resolution of this request.

## V. Movants May Not Intervene Under Rule 24.

[2][3] Intervention as of right under Rule 24(a) requires that Movants "demonstrate ' "an interest relating to the property or transaction which is the subject of the action." ' " *Treesdale,* 419 F.3d at 220 (quoting *Mountain Top Condo. Assoc. v. Dave Stabert Master Builder, Inc.,* 72 F.3d 361, 366 (3d Cir.1995) (quoting Rule 24(a)(2))).[FN8] However, Movants' asserted interests are insufficient to satisfy this requirement. The Third Circuit has a long-standing

general principle ... that "a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene. Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene."

*Id.* (quoting *Mountain Top,* 72 F.3d at 366).[FN9]

Furthermore, the Court is aware of no case recognizing that alleged tortfeasors facing joint and several liability under Pennsylvania law have an interest in ensuring that all alleged joint tortfeasors are sued in a single action to determine liability to the injured party. As discussed below, courts have consistently rejected such an interest as a basis for joinder under Rule 19, and the Court sees no reason to recognize such an interest under Rule 24 in this case.

[4] To qualify for permissive intervention, Movants must demonstrate that they have a "claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)(1)(B). However, neither the Zerns' personal injury claims nor

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.R.D. ----, 2013 WL 1158590 (E.D.Pa.), 85 Fed.R.Serv.3d 264
(Cite as: 2013 WL 1158590 (E.D.Pa.))

the other Movants' potential actions for contribution are sufficient to satisfy this requirement: "[w]here a proposed intervenor has only a contingent financial interest in a declaratory judgment action to establish insurance coverage, he/she [cannot] accurately claim that there are common questions of law or fact between the coverage dispute and actions to determine liability for injuries ...." *Treesdale,* 419 F.3d at 228 (citing *Liberty Mut. Ins. Co. v. Pacific Indem. Co.,* 76 F.R.D. 656, 660 (W.D.Pa.1977) ("a motion for permissive intervention under Rule 24(b) must have grounds in claims for relief which share questions of fact or law in common with the main action, and not in the coincidence of financial interests")). The Court also sees no basis for concluding that Movants' asserted interest in having Defendant represented in the Zerns' personal injury action provides them with a claim or defense against Plaintiff or Defendant.

**VI. Movants Are Not Entitled to Joinder Under Rule 19.**

*5 [5] To qualify for joinder as "required parties" pursuant to Rule 19, Movants must "claim[ ] an interest relating to the subject of the action ...." Fed.R.Civ.P. 19(a)(1)(B). It is well established that, while state law is relevant to determining "the interests of those affected by the litigation," joinder pursuant to Rule 19 is ultimately a question of federal law. *HB Gen. Corp. v. Manchester Partners, L.P.,* 95 F.3d 1185, 1195 (3d Cir.1996); *accord Huber v. Taylor,* 532 F.3d 237, 247 (3d Cir.2008) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 124 n. 22, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968) (explaining that, in a diversity case, determination of whether a party is necessary or indispensable is a question of federal law, but determined by reference to interests of the parties under state law)).

Movants assert financial interests in the proceeds from the insurance policy, as well as an interest in Defendant being represented in the Zerns' personal injury action. Movants have not identified any state law basis for these interests.[FN10] Therefore, the Court's

decision in this case is entirely a matter of federal procedural law and does not in any way invade the province of state courts.

[6] For the reasons below, Movant's asserted interests are insufficient to support Rule 19 joinder. The Court first will address their asserted interest in Defendant being represented in the Zerns' personal injury action, because this interest is patently insufficient and warrants minimal discussion. The Court then will turn to determining whether Movants' financial interests can support joinder, which will include completion of the Court's analysis of *Rauscher, Treesdale,* and *Murray.*

**A. Movants' Asserted Interest in Defendant Being Represented in the Zerns' Personal Injury Action Is Not Recognized by Rule 19.**

The Court finds no basis for holding that Rule 19 recognizes Movants' asserted interest in Defendant being represented in the Zerns' personal injury action. Rule 19 does not recognize an interest in joining all alleged joint tortfeasors facing joint and several liability in a single action. *Malibu Media, LLC v. John Doe 1,* Civil Action No. 12–2078, 2013 WL 30648, at *9 (E.D.Pa. Jan. 3, 2013) (Baylson, J.) ("[T]he law is clear that joint tortfeasors are permissive parties under Fed.R.Civ.P. 20 but not necessary or indispens[a]ble parties under [Rule] 19(a) and (b). This is a well-settled doctrine that has been acknowledged by the Supreme Court.") (citing *Temple v. Synthes Corp., Ltd.,* 498 U.S. 5, 6, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990)). Movants couch their asserted interest in terms of prejudice that would result from an alleged joint tortfeasor already joined to an action not being represented. However, they failed to demonstrate that this presents materially different considerations from the ordinary scenario of litigating without the joinder of all alleged joint tortfeasors.

**B. Financial Interests and Rule 19(a)(1)(B)**

*6 As discussed above, Third Circuit jurisprudence is unclear regarding the status of financial in-

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.R.D. ----, 2013 WL 1158590 (E.D.Pa.), 85 Fed.R.Serv.3d 264
(Cite as: 2013 WL 1158590 (E.D.Pa.))

terests in insurance disputes as bases for joinder under Rule 19(a)(1)(B). If *Treesdale* controls this Court's analysis, then such interests cannot qualify for joinder; if *Rauscher* and *Murray* control, the Court would be compelled to reach the opposite conclusion. After careful consideration, the Court concludes that *Treesdale* should direct its analysis. Therefore, Movants cannot be joined to this action.

**1.** *Treesdale* **Directs the Court's** Rule 19 **Analysis.**

Neither *Rauscher* nor *Murray* should be treated as precedent for Rule 19(a)(1)(B), because:

1. A thorough reading of *Rauscher* reveals that its Rule 19 dicta is irrelevant to whether financial interests satisfy Rule 19(a)(1)(B)'s interest requirement;

2. It would be unreasonable to read *Murray* as endorsing *Rauscher 's* dicta of questionable weight over crystal clear language in *Treesdale* regarding the nature of interests recognized by Rule 19(a)(1)(B); and

3. A careful reading of *Rauscher* and *Murray* indicates that interest analyses for standing and Rule 19(a)(1)(B), far from being conflated, should be treated as fundamentally different.

**a. Reasons for not Following** *Rauscher* **'s** Rule 19 **Dicta**

In its determination in dicta that the injured parties were indispensable under Rule 19, *Rauscher* stated:

A brief analysis of the facts of this case under Rule 19 leads to the conclusion that *the most relevant inquiry in the Rule 19 analysis is whether full relief can be accorded [to the insurer] without joining the ... injured part[ies].* Such an inquiry leads to the conclusion that the [injured parties] are indispensable parties to the action.

807 F.2d at 354 n. 5 (emphasis added). Although the court cited only to Rule 19 generally, its language obviously mimics what was then Rule 19(a)(1)—and now 19(a)(1)(A) [FN11]—"[a] person ... shall be joined as a party in the action if ... *in his absence complete relief cannot be accorded among those already parties,"* Fed.R.Civ.P. 19 (1986) (amended 2007) (emphasis added). Because nothing in *Rauscher 's* language suggests that the court relied on what was then Rule 19(a)(2), and now Rule 19(a)(1)(B)—which applies when the person seeking joinder "claims an interest relating to the subject matter of the action," *id.*—the Court finds that *Rauscher* is best read as having relied on Rule 19(a)(1)(A). This reading is supported by *Rauscher 's* recognition that the injured parties had a contingent statutory cause of action directly against the insurer, which is consistent with a determination that the insurer could not be accorded complete relief as against the insured alone.[FN12]

Furthermore, *Rauscher* discussed the injured parties' indispensability under Rule 19 as an independent justification for its holding as to standing, not an extension of that ruling:

**\*7** Although it is not necessary to our analysis or our conclusion, *we note that our decision is supported by the fact that the [injured parties] are indispensable parties to this type of declaratory judgment action ....*

Under Rule 19 and the above cases, the [injured parties] qualify as indispensable parties in this action. While we regard the issue raised in this case as one of standing, not indispensability, it nevertheless appears that the [injured parties], as they have argued, are indispensable parties. As such, of course, they would have standing even apart from our analysis in the text."

807 F.2d at 354 & n. 5 (emphasis added) (cita-

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.R.D. ----, 2013 WL 1158590 (E.D.Pa.), 85 Fed.R.Serv.3d 264
(Cite as: 2013 WL 1158590 (E.D.Pa.))

tions omitted). Accordingly, even if this Court rearticulated *Rauscher* 's holding in *Lujan* 's standing terminology, *Rauscher* still could not reasonably be read as having informed its Rule 19 determination with its standing analysis.

Additionally, none of the cases *Rauscher* cited in its Rule 19 discussion support its use as precedent for recognizing financial interests as a basis for joinder:

1. *Maryland Cas. Co. v. Consumers Fin. Serv.,* 101 F.2d 514 (3d Cir.1938) was cited as being pre-Rule 19;

2. *U.S. Fid. and Guar. Co. v. Ditoro,* 206 F.Supp. 528, 532–33 (M.D.Pa.1962) relied on

   a. *Consumers Fin. Serv.,* and

   b. *Central Surety & Ins. Corp. v. Caswell,* 91 F.2d 607 (5th Cir.1937), which had nothing to do with joinder or intervention—it addressed the much different issue of whether a case and controversy existed between the injured parties and the insurer, such that the insurer could include the injured parties as a defendants in a declaratory judgment action;

3. *Ranger Ins. Co. v. United Hous. of New Mexico,* 488 F.2d 682 (5th Cir.1974), held that injured parties in a case involving a policy with a direct action clause had a protected interest under Rule 19 because "they would have to contend with the *stare decisis* effect of ... a judgment [against the insured] ... might be forced to litigate [the judgment's] effect on the direct action clause .... [and] could force re-litigation of the very issue" currently before the court. *Id.* at 683–84 & n. 3. The existence of a direct action clause makes this case entirely inapplicable to the question of whether Rule 19(a)(1)(B) recognizes financial interests in the outcome of a dispute; and

4. Pennsylvania cases holding that under Pennsylvania law, injured parties are indispensable parties to insurance coverage disputes. The Third Circuit, as noted above, has more recently held that this Pennsylvania law is procedural and, therefore, not binding on federal courts. *Treesdale,* 419 F.3d at 229 (addressing the question under a Rule 24 analysis).

In terms of *Rauscher* 's relationship to *Treesdale, Rauscher* 's reliance on Rule 19(a)(1)(A), the posture in which it discussed Rule 19, and its citation to cases that are not germane to whether Rule 19(a)(1)(B) recognizes financial interests renders it irrelevant to *Treesdale* 's discussion of that issue. In fact, the discussion above calls into question *Rauscher* 's continuing value as precedent for any Rule 19(a)(1)(B) inquiry. This broader conclusion finds support in the fact that although " *Rauscher* was specifically referenced in the parties' briefing" in *Treesdale, Papa,* 2012 WL 868944, at *5, *Treesdale* did not cite *Rauscher.*

**b. *Murray* Does Not Support Using *Rauscher* as Rule 19(a)(1)(B) Precedent.**
***8** It is, of course, undeniable that *Murray* relies on *Rauscher* as good law regarding standing. *Murray,* 658 F.3d at 319 n. 4 ("Because *Treesdale* is not on point and *Rauscher* directly addresses standing in a similar factual setting, *Rauscher* will guide our analysis."). Regardless, *Murray* cannot reasonably be read as endorsing *Rauscher* as precedent for Rule 19(a)(1)(B) interest analyses.

*Murray* unequivocally stated that *Treesdale* 's interest analysis for Rule 24 remained good law, despite its difference from the interest analysis for standing purposes. *Murray,* 658 F.3d at 319 n. 4. In this context, the Court cannot read *Murray* as making a broad holding regarding the meaning of "legally protected interests" for all inquiries—Rule

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.R.D. ----, 2013 WL 1158590 (E.D.Pa.), 85 Fed.R.Serv.3d 264
(Cite as: 2013 WL 1158590 (E.D.Pa.))

19(a)(1)(B), in particular, because *Treesdale* applied the same legal interest analysis to Rules 24 and 19. *Treesdale,* 419 F.3d at 230 (stating in its Rule 19 analysis that "[a]s we explained earlier [in our Rule 24 analysis], Appellants do not have a legally protectable interest in the ... policies."). This conclusion only becomes more apparent upon recognizing that although *Murray* described *Treesdale* as having "dealt solely with the standard for intervention under [Rule] 24," *Murray,* 658 F.3d at 319 n. 4, *Treesdale* did, in fact, discuss Rule 19 and affirmed the district court's denial of relief under rule 19 as well as Rule 24. 419 F.3d at 229–30.

It would also be unreasonable to read *Murray* as endorsing *Rauscher* as Rule 19(a)(1)(B) precedent without expressly stating an intention to do so, because that would result in *Murray* creating a conflict between *Rauscher* and *Treesdale.*

**c. Interest Analyses for Standing and Rule 19 Are Fundamentally Different.**

The Court is aware of no case in which the Third Circuit applied the standing analysis to determine the existence of a legally protected interest under Rule 19(a)(1)(B). To the contrary, review of *Rauscher, Treesdale,* and *Murray* reveals that standing and Rule 19 analyses are fundamentally different, and it would be an unwarranted expansion of the holdings in *Rauscher* and *Murray* to treat them as precedent for Rule 19(a)(1)(B).

*Rauscher* 's 1986 holding as to standing relied on a Supreme Court case from 1941, *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826, which held that an "actual controversy" existed between insurers and injured parties, allowing insurers to bring actions for declaratory relief against both their insureds and injured parties. The fact that the Third Circuit's Rule 19 jurisprudence, including *Treesdale,* declined to rely on Supreme Court standing precedent that dates back to the 1940's as informing Rule 19(a)(1)(B) interest analyses is a strong, if not

overwhelming, recognition that interests analyses for standing and Rule 19 are fundamentally different.

A careful reading of *Murray* and *Rauscher* together also supports the conclusion that standing and Rule 19 analyses should not be conflated. In both cases, the injured party:

*9 1. Had been named as a defendant by the insurer, and

2. Was found to have standing *to defend.*

Because the injured parties' status as originally joined defendants was essential to both courts' standing determinations, relying on these cases as support for treating all injured parties as Rule 19 "required parties" to insurance coverage disputes would be a significant and unwarranted expansion of their holdings.

*Murray* described the *Rauscher* holding as:

[R]ecogniz[ing] that a "case or controversy" must exist between the insurance company and the injured third party ... *since the insurance company brought the declaratory judgment action against the injured third party in the hope of attaining a binding judgment against both the insured and the injured party.*

*Murray,* 658 F.3d at 319 (emphasis added). Indeed, the *Rauscher* court based its holding, in part, on the principal that "it would be anomalous to hold that while an actual controversy existed between an insurance company and an injured party, an injured party could be denied the right to actually participate in the controversy." 807 F.2d at 352–53 (citing *Hawkeye–Sec. Ins. Co. v. Schulte,* 302 F.2d 174, 177 (7th Cir.1962)).

Delving further into *Murray* serves to clarify the

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.R.D. ----, 2013 WL 1158590 (E.D.Pa.), 85 Fed.R.Serv.3d 264
**(Cite as: 2013 WL 1158590 (E.D.Pa.))**

importance of the injured party's status as an already joined defendant. As *Murray* further explained in a footnote, the injured party's having been sued by the insurer as a defendant is *"persuasive* evidence that an 'actual controversy' existed between them, and, therefore, that the injured part[y] had standing *to defend the action."* 658 F.3d at 319 n. 5 (second emphasis added) (citing *Rauscher,* 807 F.2d at 353–54); *see Salem Baptist,* 2012 WL 1526851, at *4 n. 7 (noting that " '*Murray* and *Rauscher* indicate that the plaintiff's choice to include the injured third party in the action weighs in favor of recognizing their legally protected interest," though "neither opinion suggests a plaintiff's choice to name a defendant is dispositive").

Additionally, looking at the cases cited by *Murray,* the importance of the injured party's posture as a named defendant is manifest:

> *Truck Ins. Exch. v. Ashland Oil, Inc.,* 951 F.2d 787, 789 (7th Cir.1992) (holding that an insurer who brought a declaratory judgment action and "out of an abundance of caution" named the injured party as an additional defendant (1) must have thought the injured party had "some potential interest in the insurance policy" and (2) had "tacitly conceded [the injured party's] standing to appeal by not contesting the appeal on the ground of lack of standing"); *Dairyland Ins. Co. v. Makover,* 654 F.2d 1120, 1123 (5th Cir.1981) (holding that the injured party had standing to appeal the declaratory judgment in favor of the insurance company and noting that it was "decisive" to the holding that Dairyland named the injured appellants in its declaratory judgment action); *Auto. Underwriters Corp. v. Graves,* 489 F.2d 625, 627–28 (8th Cir.1973) (holding that "[a]n injured person having a possible claim against an insurer who has been made a party defendant to an action for declaratory judgment possesses the requisite interest to be heard on appeal").

*10 *Id.* at 319 n. 5 (alterations in original).

Ultimately, nothing in *Murray* or *Rauscher* suggests that non-defendant injured parties have the same interest in insurance coverage disputes as injured parties who are named as defendants at the start of the suit. In fact, read in light of both the long-standing Supreme Court precedent regarding standing in declaratory judgment cases and the Third Circuit's Rule 19 jurisprudence, the most reasonable conclusion to draw is that the standing interest analysis for named defendants and the Rule 19(a)(1)(B) analysis are fundamentally different.

The Court recognizes that both defendant and non-defendant injured parties share an interest in recovery for their injuries. Nevertheless, the Court finds support for differentiating between interests sufficient for standing to defend, and those sufficient for Rule 19 joinder, by looking at the requirements of Rule 19(a)(1)(B)(i) and (ii), which demonstrate that Rule 19 involves important considerations not in play when the injured party is originally joined as a defendant.

Regarding Rule 19(a)(1)(B)(i), while non-joinder may practically impede the injured party's interest in obtaining the full value of its underlying lawsuit, that interest would have no protection without joinder under Rule 19—unless the injured party has a cause of action directly against the insurer. In this sense, protection of the interest would not be impeded by the injured party's non-joinder, protection would be manufactured by joinder.

Regarding Rule 19(a)(1)(B)(ii), because there is no possibility of the injured party protecting its interest in recovery outside of joinder, existing parties can never be subject to multiple or inconsistent obligations.[FN13]

**2. Summary of the Court's Rule 19 Holding.**

There being no support in *Rauscher* or *Murray* for conflating the interest analyses for standing and Rule

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.R.D. ----, 2013 WL 1158590 (E.D.Pa.), 85 Fed.R.Serv.3d 264
(Cite as: 2013 WL 1158590 (E.D.Pa.))

19(a)(1)(B), and there being support in the requirements of Rule 19 for maintaining separate analyses, the Court finds it appropriate to continue to rely on *Treesdale* as the most accurate expression of the interests that support Rule 19 joinder.

Because *Treesdale* explicitly rejected the kind of financial interests advanced by Movants as a basis for Rule 19(a)(1)(B) joinder, the Court cannot join Movants to this action.

**VII. Default Judgment**
[7][8] The Third Circuit has recognized that where a defendant fails to make an appearance or otherwise participate in an action, the district court may enter a default judgment " 'based solely on the fact that the default has occurred.' " *Jimenez v. Rosenbaum-Cunningham, Inc.,* Civil Action No. 07–1066, 2010 WL 1303449, at *3 (E.D.Pa. Mar. 31, 2010) (Surrick, J.) (quoting *Anchorage Assocs. v. V.I. Bd. of Tax Review,* 922 F.2d 168, 177 n. 9 (3d Cir.1990)). "The court should accept as true the well-pleaded factual allegations of the complaint when considering a motion for a default judgment, but it need not accept the moving party's legal conclusions or factual allegations related to the amount of damages." *Id.* (citing *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir.1990); *Tancredi v. Cooper,* Civil Action No. 02–1125, 2003 WL 22213699, at *3 (E.D.Pa. Sept. 4, 2003)).

*11 Plaintiff "seeks a declaration that it may withdraw from the defense of [Defendant] doing business as RC Drywall and that [Plaintiff has] no obligation to indemnify [him] and his business in" the personal injury lawsuit filed by the Zerns in the Court of Common Pleas in Lancaster County, *Zern v. Smucker Co.,* Civil Action No. 10–15805. (Am.Compl. ¶ 1.)

[9] According to Plaintiff's Amended Complaint, Plaintiff issued an insurance policy to Defendant "for

himself doing business as R.C. Drywall with a stated address of 1138 Pine Street, Easton, PA ...." ( *Id.* ¶ 3.) Plaintiff alleges that this policy contains an obligation for Defendant to "[c]ooperate with [Plaintiff] in the investigation, settlement of [a] claim or defense against" a lawsuit, which is "an express condition to [Plaintiff's] provision of any coverage, defense or indemnity" under the policy. (*Id.* ¶¶ 22 (first alteration in original) (quotation omitted), 28.) However, Plaintiff has allegedly been unable to contact Defendant despite diligent efforts and Defendant's awareness of the Zerns' lawsuit, including having been served with process in that suit. (*Id.* ¶¶ 5–7, 30–36.) Although Plaintiff has not been able to contact Defendant, Plaintiff believes that he has either permanently moved to Mexico or travels periodically between Pennsylvania and Mexico. [FN14] (*Id.* ¶¶ 8–10.) The Court granted Plaintiff's Motion for Service by Publication, but Defendant has allegedly still failed to contact Plaintiff. Defendant has never made an appearance in this case.

Accepting all of Plaintiff's allegations as true, Plaintiff has unquestionably demonstrated that Defendant breached his duty to cooperate, thereby relieving Plaintiff of its obligation to defend or indemnify him or his business, RC Drywall, in the Zerns' personally injury lawsuit. Having also determined that Movants may neither intervene in nor join this action to defend against Plaintiff's Amended Complaint and Motion for Default Judgment, the Court finds that Plaintiff is entitled to a final default judgment pursuant to Rule 52(b)(2), the Clerk having already entered a default against Defendant pursuant to Rule 55(a).

**VIII. Conclusion**
Movants' Motions to Intervene or Join are DENIED. Plaintiff's Motion for Default Judgment is GRANTED. An appropriate order follows.

**ORDER AND FINAL JUDGMENT**
**AND NOW,** this *21st* day of March 2013, after review of Movants motions to intervene or join in this

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.R.D. ----, 2013 WL 1158590 (E.D.Pa.), 85 Fed.R.Serv.3d 264
**(Cite as: 2013 WL 1158590 (E.D.Pa.))**

action pursuant to Fed. Rs. Civ. P. 24 or 19 (the "Motions to Intervene or Join") (ECF 8–10), Plaintiff's Response to those motions (ECF 11), Movants' and Plaintiff's arguments at a hearing held on January 17, 2013, their supplemental letter briefs submitted at the Court's request, and Plaintiff's motion for entry of a default judgment (ECF 24) it is hereby **ORDERED** that:

1. Movants' Motions to Intervene or Join are DE-NIED WITH PREJUDICE;

2. Plaintiff's Motion for entry of a default judgment is GRANTED;

**\*12** 3. The Clerk of the Court shall enter Final Judgment in favor of Plaintiff and against Defendant, that Plaintiff is relieved of its obligation to defend or indemnify Defendant in the lawsuit *Brian D. Zern, et al. v. Smucker Company*, Civil Action No. 10–15805, currently pending in the Pennsylvania Court of Common Pleas, Lancaster County; and

4. The Clerk of the Court shall close this case.

> FN1. Movants filed responses to this motion (ECF 25, 27), and Plaintiff replied (ECF 26, 28). The Court does not address these filings, because it denies Movants' Motions to Intervene or Join.

> FN2. Movants filed three motions that expressly rely on one another; the Court will analyze the motions as if they were a single motion.

> FN3. Movants' Motions to Intervene or Join contain no legal arguments or other showing that could support a finding that in their "absence, the court cannot accord complete relief among existing parties." Fed.R.Civ.P. 19(a)(1)(A). Accordingly, the Court will

confine its analysis of Rule 19 to subsection (a)(1)(B).

> FN4. Rule 19 was amended in 2007 "as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only." Fed.R.Civ.P. 19 (committee notes on rules—2007 amendment). For ease of reference, the Court will refer to both the version of Rule 19 in effect prior to 2007 and the current version according to its current subsections and language, except where specifically noted.

> FN5. There was no motion for Rule 19 joinder before the district court. However, the injured parties' reply brief in support of their motion for Rule 24 intervention argued that they were Rule 19 "required parties." *Treesdale,* 419 F.3d at 219. The district court's denial of the injured parties' motion to intervene was a denial of relief under Rule 19 as well. Accordingly, this Court will treat the Third Circuit's opinion as authoritative precedent regarding Rule 19, because in affirming the district court, the Third Circuit specifically rejected the injured parties' Rule 19 argument. *Id.* at 229–30.

> This Court relies on the Third Circuit's description of the district court proceedings because neither the district court's memorandum and order nor the report and recommendation it adopted are published on Westlaw or available electronically on PACER.

> FN6. The Third Circuit applied the same definition of "legally protected interest" to both Rules 24 and 19.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.R.D. ----, 2013 WL 1158590 (E.D.Pa.), 85 Fed.R.Serv.3d 264
**(Cite as: 2013 WL 1158590 (E.D.Pa.))**

FN7. Judge Bumb has issued an apparently conflicting decision, stating in a footnote that *Treesdale* should be read as having displaced *Rauscher* regarding Rule 19. *Nat'l Specialty Ins. Co. v. Papa*, Civil No. 11–2798, 2012 WL 868944, at *5 n. 2 (D.N.J. Mar. 14, 2012). According to *Papa*, "[w]hile the *Rauscher* decision was not specifically mentioned in [ *Treesdale* ], the Third Circuit considered, and rejected [the substance of *Rauscher*'s dicta regarding Rule 19] ... and *Rauscher* was specifically referenced in the parties' briefing." *Id. Papa* did not cite *Murray.*

FN8. The Third Circuit has held that Pennsylvania law requiring that injured parties be joined to insurance coverage declaratory judgment actions is procedural and does not provide injured parties with a right to intervene under Rule 24(a). *Treesdale,* 419 F.3d at 228–29.

FN9. At first blush, *Treesdale* may appear to indicate that injured parties have sufficient interests for intervention where the insured lacks sufficient resources to defend against the declaratory judgment action and satisfy any judgments the injured parties may obtain. 419 F.3d at 225–26 (considering the injured parties' argument "that they should be permitted to intervene as of right because [the insured] is insolvent and lacks sufficient funds to either satisfy judgments or to adequately defend their interests"). However, *Treesdale* did not fully address how this scenario impacted the nature of injured parties' interests because the insured in that case was effectively defending its interests and could not be deemed insolvent. *Id.*

Ultimately, nothing in *Treesdale* reasonably can be read as stating that the nature of injured parties' interests should turn on whether the insured chooses to defend against its insurer's complaint. To the contrary, *Treesdale* cautions district courts that "the 'interest element' and the 'impairment element' are separate and distinct aspects of [the] intervention as of right inquiry .... [and district courts should] examine the impairment element only after ... a protectable legal interest" has been established. 419 F.3d at 227. Therefore, even if an insured faces a default judgment, as in this case, that fact is irrelevant to the question of whether injured parties have an interest recognized by Rule 24(a).

Furthermore, *Treesdale* uses strong, sweeping language when stating that injured parties' financial interests are wholly insufficient to warrant intervention. 419 F.3d at 224–25 (quoting *Mountain Top, 72 F.3d at 366).* It would be unreasonable for this Court to conclude that *Treesdale* carved out an exception to that language without expressly stating an intention to do so.

FN10. As pointed out in note 8, the Third Circuit has determined that Pennsylvania law requiring that injured parties be joined to insurance coverage declaratory judgment actions is procedural. It would be unreasonable to conclude that Rule 19(a)(1)(B) recognizes an interest based on state procedural law that has been rejected as a basis for intervention under Rule 24. *See Treesdale,* 419 F.3d at 229 ("that an injured claimant is an indispensable party in a suit to determine insurance coverage under Pennsylvania's Declaratory Judgment Act .... [was] a procedural ... ruling, [and, therefore,] *Erie [R.*

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.R.D. ----, 2013 WL 1158590 (E.D.Pa.), 85 Fed.R.Serv.3d 264
(Cite as: 2013 WL 1158590 (E.D.Pa.))

*Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938),*] does not require the district court to apply Pennsylvania law to resolve [a] motion to intervene under [Rule] 24(a)"* (emphasis added)).

FN11. The current text of Rule 19(a)(1)(A) is "[a] person ... must be joined as a party if ... in that person's absence, *the court cannot accord complete relief among existing parties."* (emphasis added).

FN12. The Court also notes that its interpretation of *Rauscher* harmonizes with pre-*Rauscher* precedent on the meaning of "complete relief." In *Field v. Volkswagenwerk AG,* the Third Circuit stated:

As the Advisory Committee note to Rule 19 makes clear, *"[c]lause 1 stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow' relief* rather than complete relief to the parties before the court." This would occur, for instance, *when an absent person has a claimed or apparent interest in the same relief sought by the plaintiffs, such that the court would be unable to fashion an effective decree as a result of the absence.* For unless the absent party's right to the relief sought by the plaintiffs was also adjudicated, *no judgment of the court could divest the person not before the court of the right to have the same claim decided as to him, and the defendant might be faced with judgments that could not both be complied with.* 626 F.2d 293, 297–98, 301 (3d Cir.1980) (citation omitted) (emphasis added) (where injured parties had independent claims against a car manufacturer arising out of a car accident, complete relief could be accorded without joining all injured parties in a sin-

gle action, even where the car manufacturer had a potential right of reimbursement, indemnity or contribution against an absent injured party), *disagreed with on other grounds, Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989); *see also* 7 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1604 (3d ed.) (19(a)(1)(A) ensures that "any relief ... awarded will effectively and completely adjudicate the dispute"). It appears that *Field* would recognize the applicability of Rule 19(a)(1)(A) to the facts present in *Rauscher:* injured parties with statutory claims against an insurer that are effectively identical to the insured's claim against that insurer. *Cf. Sindia Expedition, Inc. v. Wrecked and Abandoned Vessel, Known as The Sindia,* 895 F.2d 116, 121–22 (3d Cir.1990) (where multiple parties claimed interests in the same property, complete relief could be accorded without joining them all in a single action, despite "[t]he possibility that a successful party may have to defend its rights ... in a subsequent suit brought by" a non-party (citing *Field,* 626 F.2d at 300–01)).

FN13. Another way of phrasing the Court's consideration of Rule 19(a)(1)(B)(i) and (ii) is that Rule 19(a)(1)(B) "protect[s] the absentee and the [parties] from harm caused by nonjoinder," and Movants have failed to demonstrate any such harm. Richard D. Freer, Rethinking Compulsory Joinder: A Proposal to Restructure Fed. Rule 19, 60 N.Y.U. L.Rev. 1061, 1079 (1985).

FN14. The Court has diversity jurisdiction over this action because Plaintiff is a resident of Connecticut and Defendant is a resident of

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.R.D. ----, 2013 WL 1158590 (E.D.Pa.), 85 Fed.R.Serv.3d 264
**(Cite as: 2013 WL 1158590 (E.D.Pa.))**

either Pennsylvania or Mexico, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

E.D.Pa.,2013.

Hartford Casualty Ins. Co. v. Cardenas

--- F.R.D. ----, 2013 WL 1158590 (E.D.Pa.), 85 Fed.R.Serv.3d 264

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.